```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


   UNITED STATES OF AMERICA,        )
                     Plaintiff,     )
                                    )
   vs.                              )  No. 21-CR-10228-FDS-1
                                    )
   DANIELLE MILLER,                 )
                     Defendant.     )
```

        BEFORE THE HONORABLE JUDITH G. DEIN
              UNITED STATES MAGISTRATE JUDGE
   INITIAL APPEARANCE/ARRAIGNMENT - BY VIDEOCONFERENCE



        John Joseph Moakley United States Courthouse
                    One Courthouse Way
                 Boston, Massachusetts 02210


                    October 14, 2021
                       10:38 a.m.



             Kathleen Mullen Silva, RPR, CRR
                 Official Court Reporter
        John Joseph Moakley United States Courthouse
             One Courthouse Way, Room 7209
                Boston, Massachusetts 02210
                E-mail: kathysilva@verizon.net

        Mechanical Steno - Computer-Aided Transcript

```
 1    APPEARANCES:

 2

 3            United States Attorney's Office

 4            AUSA Benjamin Saltzman

 5            John Joseph Moakley U.S. Courthouse

 6            Boston, Massachusetts 02210

 7            617.748.3147

 8            for the Government

 9

10            Law Offices of Mitchell C. Elman, P.C.

11            Mitchell C. Elman, Esq.

12            377 Oak Street, Suite #415

13            Garden City, New York 11530

14            516.586.6666

15            and

16            Sinsheimer & Associates

17            Peter R. Cruice, Esq.

18            92 State Street, 9th Floor

19            Boston, Massachusetts 02109

20            617.722.9954

21            for the Defendant

22

23

24

25
```

```
 1                      P R O C E E D I N G S
 2            THE CLERK:  Hello, Judge.  We have everybody we need.
 3   We have counsel for the government.  We have counsel for the
 4   defendant and the defendant is present with the court reporter
 5   and probation.
 6            THE COURT:  Why don't you call the case.
 7            THE CLERK:  Certainly, Your Honor.
 8            The United States District Court for the District of
 9   Massachusetts is now in session on October 14, the year 2021 in
10   the matter of the United States of America v. Danielle Miller,
11   Criminal Case 2021-10228.
12            This is a general reminder that all persons granted
13   remote access to today's court proceedings are reminded of the
14   general prohibition against photographing, recording and/or
15   rebroadcasting of today's court proceedings and that's pursuant
16   to Local Rule 83.3.
17            Could counsel and probation please identify themselves
18   for the record.
19            MR. SALTZMAN:  Good morning, Your Honor.  Ben Saltzman
20   for the United States.
21            MR. ELMAN:  Good morning, Your Honor.  Mitchell Elman,
22   E-l-m-a-n, along with Peter Cruice for the defendant.
23            PROBATION:  Good morning, Your Honor.  Doris Bello for
24   probation.
25            THE COURT:  I'm hearing some echoing.  But let's see.
```

1           Ms. Miller, you are charged in a multi-count
2    indictment with wire fraud and aggravated identity theft.  You
3    do have the right to an in-person proceeding on this matter.
4    We are proceeding by way of Zoom for health and safety reasons
5    as well as for convenience.  Do I have your permission to
6    proceed by way of Zoom today?
7           THE DEFENDANT:  Yes, Your Honor.
8           THE COURT:  Okay.  Before I go any further, to the
9    government, in compliance with the Due Process Protection Act,
10   the court issues the following order:  "Consistent with *Brady*
11   *v. Maryland* and its progeny, the United States is ordered to
12   disclose all exculpatory information in a timely manner to the
13   defendant.  This information includes but is not limited to
14   evidence that is material and is favorable to the accused.
15   Specific categories of exculpatory evidence that must be
16   provided to the defense are set out in Local Rule 116.2.  The
17   failure to discharge this obligation may result in
18   consequences, including the reversal of any conviction,
19   exclusion of evidence, adverse jury instructions, dismissal of
20   charges, contempt proceedings and/or sanctions by the court.
21          So Ms. Miller, I want to confirm that you understand
22   your rights in this matter.  I know you've had an initial
23   appearance elsewhere, but I want to review it for our record
24   here.
25          You do have the right to remain silent.  You do not

```
 1   have to make a statement and anything you do say may be used
 2   against you.
 3            If you choose to make a statement or to answer any
 4   questions, you may stop answering at any time if you change
 5   your mind.  Do you understand that?
 6            THE DEFENDANT:  Yes, Your Honor.
 7            THE COURT:  You also have the right to be represented
 8   by an attorney at any critical stage of the proceedings against
 9   you.  You may consult with an attorney before you are asked any
10   questions and you may have an attorney present while you are
11   questioned.  If you cannot afford an attorney, counsel will be
12   appointed for you without charge.  Do you understand that?
13            THE DEFENDANT:  Yes, Your Honor.
14            THE COURT:  I'm going to ask the government to review
15   the charges, the maximum potential penalties and the
16   government's position on detention.
17            MR. SALTZMAN:  Your Honor, the first three counts in
18   the indictment charge wire fraud.  The charge of wire fraud
19   carries a sentence of up to 20 years in prison, three years of
20   supervised release and a fine of up to $250,000.
21            Counts Four and Five of the indictment charge
22   aggravated identity theft.  That charge provides for a
23   mandatory two-year sentence that would run consecutively to any
24   other sentences that the court would impose in this case,
25   followed by a term of one year of supervised release and a fine
```

1  of up to $250,000.
2          Your Honor, with respect to detention --
3          THE COURT:  There's a $100 special assessment on each
4  count or not?
5          MR. SALTZMAN:  Correct.  Thank you, Judge.
6          THE COURT:  With respect to detention.
7          MR. SALTZMAN:  Yes.  With respect to detention, the
8  government is not moving for detention at this time.  The
9  government would request that the court -- well, there are
10 conditions that have been imposed by the Southern District of
11 Florida, and the defendant has been released pursuant to those
12 conditions, and the government's position is that those
13 conditions should remain in effect and that the defendant can
14 be released and supervised pursuant to those conditions that
15 were imposed in Florida.
16         THE COURT:  I think that included living in Florida.
17         MR. SALTZMAN:  Well, I mean, the government is, of
18 course, fine with the modification that the defendant can live
19 in -- I believe she was going to live or is living in Manhattan
20 and would be subject to the supervision of the Southern
21 District of New York with the probation office there.  That
22 modification we have no objection to her doing so.
23         MR. ELMAN:  Yes, Your Honor, there was an order signed
24 by Judge Torres in the Southern District of Florida
25 transferring supervision to the Southern District of New York.

1  And Ms. Miller is residing in Manhattan now and is being
2  supervised by pretrial services in the Southern District of New
3  York.
4          THE COURT:  All right.  So who's holding her passport
5  and the like?  Has that all been transferred to New York?
6          MR. ELMAN:  I believe pretrial services from Florida
7  transferred everything to New York.  Ms. Miller is currently on
8  electronic monitoring with home detention.
9          THE COURT:  I will just say that I don't have those
10 conditions anywhere here.  So I don't -- I don't know why, but
11 that's not what the report says here.  So I will adopt -- I
12 don't know what to do.  Does anybody have those conditions?
13         MR. SALTZMAN:  Yes.  Judge, I just sent them to
14 Mr. Quinn.  It's in a lengthier document, but they're at the
15 end of the document.
16         THE COURT:  While those are coming through, Ms. Miller
17 I just want to confirm that you are also aware of the statutory
18 conditions that apply to all persons on release.
19         You are prohibited from committing a federal, state or
20 local crime while on release.  The commission of a crime while
21 on pretrial release may result in a term of imprisonment of up
22 to ten years for a felony and up to one year for a misdemeanor.
23 The sentence will be in addition to any other sentence which
24 may be imposed if you're convicted of the crime with which
25 you've been charged.

1               It is also a federal crime punishable by up to five
2     years of imprisonment, a $250,000 fine or both to intimidate or
3     attempt to intimidate a witness, a victim, a juror, informant
4     or officer of the court or to obstruct a criminal
5     investigation.  It is also a crime punishable by up to ten
6     years of imprisonment, a $250,000 fine or both to tamper with a
7     witness, victim or informant or to retaliate against a witness,
8     victim or informant or to threaten or attempt to do so.
9               It is also a criminal offense if after you've been
10    released you knowingly fail to appear as required by conditions
11    of release or if you fail to surrender for the service of a
12    sentence pursuant to court order.  You may be fined and/or
13    imprisoned for failure to appear or surrender.  Any sentence
14    would be in addition to the sentence of imprisonment for any
15    other offense.  Punishment may range from a fine of up to
16    $250,000, imprisonment of up to ten years or both.
17              I still don't have it, but are we prepared to go
18    forward with an arraignment today?
19              MR. ELMAN:  Yes, the defense is prepared.
20              MR. SALTZMAN:  Yes, Your Honor.
21              THE COURT:  Okay.  Ms. Miller, have you had an
22    opportunity to review the charges with your attorney?
23              THE DEFENDANT:  No.
24              THE COURT:  Okay.  Well, then we're not going forward
25    with an arraignment.  So do you want to be put -- I can give

1   you a breakout room and you can spend a moment going over the
2   charges, Mr. Elman.
3            MR. ELMAN:  That's fine, Judge.
4            PROBATION:  Your Honor, if I may.
5            THE COURT:  Did somebody --
6            PROBATION:  Yes, Doris from probation.
7            I just wanted to note that I did receive an email from
8   the probation officer in Florida.  He was advised that the
9   arresting agents had taken the passport, but it has not been
10  received by Florida.  So we're not exactly sure where her
11  passport is, whether it's been turned over to the government in
12  Florida.
13           THE COURT:  Okay.  Mr. Saltzman, you need to go track
14  that down.
15           MR. SALTZMAN:  Yes, Judge.  I will check with the
16  Florida probation officers.
17           THE COURT:  Thank you.
18           Mr. Quinn, would you please put the defendant and
19  counsel in a breakout room.
20           MR. ELMAN:  Thank you, Judge.
21           THE CLERK:  Yes, Your Honor.
22           (Discussion held off the record.)
23           MR. ELMAN:  I did confirm that the passport was taken
24  by the agents.
25           Mr. Saltzman, so the agents that sent -- when

1  Ms. Miller was originally charged, they definitely have the
2  passport.
3           MR. SALTZMAN:  I'm emailing them right now.  Thank
4  you.
5           MR. ELMAN:  We're ready to proceed, Your Honor.  I
6  explained all the charges in the indictment to Ms. Miller.
7           THE COURT:  Okay.  Let's do the arraignment and then
8  we'll go back to the conditions.  Okay?
9           So Ms. Miller, do you understand the charges that have
10 been brought against you?
11          THE DEFENDANT:  Yes, Your Honor.
12          THE COURT:  Are you prepared to enter a plea of not
13 guilty today?
14          THE DEFENDANT:  Yes, Your Honor.
15          THE COURT:  And counsel, do you waive the reading of
16 the indictment out loud?
17          MR. ELMAN:  We do, Your Honor.
18          THE COURT:  Mr. Quinn, would you please take her plea.
19          THE CLERK:  Certainly, Your Honor.  In the matter of
20 the United States of America v. Danielle Miller, Criminal Case
21 No. 2021-10228, in a multi-count indictment Counts One through
22 Three charging you with wire fraud in violation of Title 18
23 United States Code Section 1343, Counts Four and Five charge
24 you with aggravated identity theft in violation of Title 18
25 United States Code Section 1028A(a)(1).  There's also

```
 1    forfeiture allegations in violation of Title 18 United States
 2    Code Section 981(a)(1)(C) and 28 U.S. Code Section 2461(c).
 3              Ms. Miller, how do you plead to Counts One through
 4    Five, guilty or not guilty?
 5              THE DEFENDANT:  Not guilty.
 6              THE COURT:  When will automatic discovery be produced?
 7              MR. SALTZMAN:  Your Honor, preliminary discovery has
 8    already been provided.  I expect the remainder of discovery to
 9    be produced within 28 days.
10              THE COURT:  Do you need all that time?
11              MR. SALTZMAN:  I think it would be helpful, Judge.
12    This is a document intensive matter.  So I would appreciate
13    having that time.
14              THE COURT:  November 12.
15              Counsel, when after that do you want the initial
16    status?
17              MR. ELMAN:  Has the judge said anything yet,
18    Mr. Saltzman, or do you want to contact -- we'll contact
19    chambers?  How do you want to do it?
20              MR. SALTZMAN:  Really whatever works.  I'm available
21    at the court's convenience.
22              THE COURT:  All right.  Why don't I set up a status
23    conference then for two weeks after you get the automatic
24    discovery.
25              MR. ELMAN:  That's fine, Your Honor.
```

1        THE COURT:  I guess November -- why don't we do
2   November 30.  Okay?
3        MR. ELMAN:  That's fine.
4        THE COURT:  We'll do it November 30 at 10:00.  If it's
5   appropriate to proceed on the papers, we can do it that way.
6   I'll exclude the time through then.
7        So as I understand the terms, Ms. Miller has posted a
8   bond, an unsecured bond in the amount of $100,000.  I don't
9   know if that's co-signed by anyone.  But has that bond been
10  produced?  All right.  It's signed.  Okay.  And the conditions
11  are the passport will be located and Ms. Miller cannot obtain
12  any travel documents while this matter is pending.
13       You need to report to probation as directed.
14       You are on a location monitoring program -- I'm sorry.
15  Is she on home detention or location monitoring?
16       MR. ELMAN:  Ms. Miller, you're currently on a
17  bracelet, correct?
18       THE DEFENDANT:  Correct.
19       THE COURT:  And I assume that that needs to be
20  transferred to our probation monitoring?
21       PROBATION:  It will be transferred to -- well, she's
22  being monitored by New York, Your Honor.  So that will remain
23  the same.
24       I do think, given the difficulties of the bond out of
25  Florida, that it would make sense that we issue a new order

```
 1   setting conditions from the District of Massachusetts with our
 2   specific language.
 3           THE COURT:  So I'm setting those conditions now.
 4           PROBATION:  Correct.
 5           THE COURT:  It will be home detention, restricted in
 6   residence at all times except for medical, court appearances
 7   and attorney visits or court-ordered obligations.  And
 8   obviously, since you're on electronic monitoring, before you
 9   leave the home, you need to notify probation.  Otherwise, it
10   will be a violation.  The way we do it is I sign an arrest
11   warrant that is held in abeyance.  So if the monitoring or the
12   home detention is violated, then that warrant goes into effect
13   automatically without another court appearance.  Okay?
14           THE DEFENDANT:  Mm-hmm.
15           THE COURT:  All right.  And then the standard
16   conditions.  I think that covers it.
17           MR. CRUICE:  Your Honor, Peter Cruice also counsel for
18   the defendant.
19           I filed my notice of appearance and I filed my motion
20   of Mitchell Elman for pro hac vice.  I would request the court
21   if I can get a waiver from appearing in further matters.  I
22   also will be monitoring the filings, but I'm just asking for a
23   waiver from appearing in further hearings.
24           THE COURT:  I'm sorry.  Are you local counsel?
25           MR. CRUICE:  Yes, I'm local counsel.
```

```
 1              THE COURT:  Okay.  You are excused as long as
 2   Mr. Elman follows our rules.
 3              MR. CRUICE:  Thank you, Your Honor.
 4              MR. ELMAN:  I studied them, Your Honor.
 5              THE COURT:  Okay.  Otherwise I'm going to have to put
 6   him back on your shoulder and make sure you behave.  Okay?
 7              MR. ELMAN:  You've got it, Judge Dein.
 8              THE COURT:  Is there anything further on this matter?
 9              MR. ELMAN:  Nothing further from the defendant.
10              THE COURT:  Probation also.
11              PROBATION:  We are, Your Honor, thank you.
12              THE COURT:  Okay.  Thank you.
13              MR. SALTZMAN:  Thank you.
14              THE DEFENDANT:  Thank you, Your Honor.
15              THE CLERK:  Court is in recess.
16              THE DEFENDANT:  Thank you, Judge.
17   (Proceedings adjourned at 10:58 a.m.)
18
19
20
21
22
23
24
25
```

```
 1                        C E R T I F I C A T E
 2
 3
 4    UNITED STATES DISTRICT COURT )
 5    DISTRICT OF MASSACHUSETTS    )
 6
 7
 8            I certify that the foregoing is a correct transcript
 9    from the record of proceedings taken October 14, 2021 in the
10    above-entitled matter to the best of my skill and ability.
11
12
13
14
15    /s/ Kathleen Mullen Silva                         8/4/22
16
17    Kathleen Mullen Silva, RPR, CRR                    Date
      Official Court Reporter
18
19
20
21
22
23
24
25
```